**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERNEST SCOTT | : | |
| | : | |
| Appellant | : | No. 2452 EDA 2024 |

Appeal from the PCRA Order Entered August 20, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001905-2017

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:               **FILED JUNE 10, 2026**

Appellant, Ernest Scott, appeals from the denial of his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. (PCRA), collaterally challenging the sentences imposed on his guilty plea convictions of robbery, possession of an instrument of crime (PIC), simple assault, and recklessly endangering another person (REAP).[1] The PCRA court denied the instant 2022 petition as untimely with no exceptions to the PCRA's jurisdictional time-bar asserted. We vacate the PCRA court's order and remand the matter for the court to appoint counsel to litigate Appellant's timely *pro se* PCRA petition filed in 2018, which appears to have been disregarded and never ruled upon by the Court of Common Pleas.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 907(a), 2701(a) and 2705, respectively.

On February 16, 2017, Appellant was charged with robbery graded as a felony of the first degree, PIC, simple assault, theft by unlawful taking, theft by receiving stolen property, and REAP in connection with an incident at a gas station on Delaware Avenue in Philadelphia the day prior. *See* Opinion, 4/30/25 ("PCRA Court Opinion"), 1; Criminal Complaint, 2/16/17 (MC-51-CR-0004410-2017). On August 10, 2017, "Appellant entered an open guilty plea to the charges, except" for the theft charges which were *nolle prossed*. *See* PCRA Court Opinion, 1; Trial Disposition and Dismissal Form, 8/10/17; Written Guilty Plea Colloquy, 1-2. We note that the written guilty plea and trial disposition form, which were prepared at the time of the guilty plea, plainly indicate that the robbery charge to which Appellant entered a guilty plea was graded as a felony of the first degree. *See* Trial Disposition and Dismissal Form, 8/10/17; Colloquy for Plea of Guilty (noting that it was Appellant's "desire to enter a plea to the following offenses as set forth below: Rob F1," *inter alia*); Written Guilty Plea Colloquy, 1 (noting Appellant's admission to having "committed the crimes of Rob F1," *inter alia*). In addition, the Commonwealth agreed to drop other lesser offenses. *See* Written Guilty Plea Colloquy, 1.

On October 19, 2017, the court imposed a term of imprisonment of two and one-half to eight years for the robbery conviction and a consecutive term of five years' probation for the PIC conviction. *See* PCRA Court Opinion, 1; Sentencing Order, 10/19/17. The sentencing order states that the term of imprisonment was imposed on the robbery conviction graded as a felony of

the first degree.[2] **See** Sentencing Order, 10/19/17. The court imposed no further punishment for the simple assault and REAP convictions. **See** Sentencing Order, 10/19/17. Based on the docket and the certified record, Appellant did not file a timely post-sentence motion or any notice of appeal. When the judgment of sentence became final, appointed counsel's representation terminated by rule.[3] **See** Pa.R.Crim.P. 122(B)(2).

Appellant filed what was styled as a *pro se* motion for reconsideration that was received by the Court of Common Pleas on January 9, 2018, after the judgment of sentence had become final. **See** Appellant's Motion for Reconsideration of Sentence, 1/6/18, 1. It was docketed as "*pro se* correspondence," noting that it sought reconsideration of sentence. **See** Trial Court Docket Entries, 1/9/18 (Document Number 9P). In this motion, Appellant asserted that "mitigating circumstances are present in this case," and, without specifying those circumstances, alleged generally that errors occurred and his public defender did not represent him to "the best of her ability and lied to" him. **See** Appellant's Motion for Reconsideration of Sentence, 1/6/18, 1. Appellant further averred that a "lesser sentence will more adequately accomplish the purpose of his/her rehabilitation," and

---

[2] As such, the imprisonment term was within the lawful maximum of twenty years for a felony of the first degree. 18 Pa.C.S. § 1103.

[3] Appellant was represented by the Defender Association of Philadelphia through sentencing. The Defender Association's appointed representation terminated by rule when judgment became final. **See** Pa.R.Crim.P. 122(B)(2). Since no appeal was filed, the judgment of sentence became final on November 20, 2017. **See** n.6, **infra.**

requested that "the court enter an order reconsidering and resentencing him/her in this case." *Id.* Based on the docket and certified record, the sentencing court did not enter any order with respect to Appellant's motion seeking reconsideration of his sentence.

On September 3, 2019, the Court of Common Pleas received another *pro se* motion from Appellant, this time styled as a post-sentence motion to modify or correct an illegal sentence. *See* Appellant's Post Sentence Motion to Modify/Correct Illegal Sentence, undated, 1. This filing also was entered on the docket as "*pro se* correspondence," noting it was a motion to modify/correct illegal sentence, despite being filed more than a year after the judgment of sentence had become final. *See* Trial Court Docket Entries, 9/3/19 (Document Number 10P). In this filing, Appellant asserted that his robbery conviction was graded as a felony of the second degree and the sentence imposed on that conviction was illegal and "a nullity" because it supposedly was "barred by statute" and by the Sentencing Guideline's matrix for a zero prior record score, which, he asserted, the imprisonment term should not have exceeded. *Id.*, 1-2. In addition, Appellant asserted claims challenging the discretionary aspects of his sentence in that the court had: failed to consider the guidelines; failed to state reasons on the record; failed to state reasons for exceeding the aggravated ranges for robbery, as a felony of the second degree, and PIC; abused its discretion by imposing unreasonable sentence terms; and failed to adequately consider his circumstances and cooperation. *Id.*, 2. Based on the docket and certified record, the sentencing

court did not enter any order with respect to this *pro se* filing. Thus, the sentencing court did not enter an order with respect to either of the docketed *pro se* filings that Appellant made after the judgment of sentence had become final.

On December 13, 2022, Appellant filed a *pro se* PCRA petition. **See** Appellant's Motion for Post Conviction Collateral Relief, 12/11/22. In his petition, Appellant asserted that the district attorney had recommended an "illegal sentence" of four to eight years' imprisonment, allegedly based on two New Jersey indictments that were subsequently dismissed, which indictments influenced the sentencing court "to deviate from the sentencing guidelines." **Id.**, 3. He also alleged that his sentencing counsel told him that the district attorney's recommendation was not illegal, due to Appellant being a repeat offender, and did not file a motion to modify the sentence imposed or an appeal though requested to do so by Appellant. **Id.** On February 9, 2023, Appellant filed a nearly identical *pro se* PCRA petition but for the December 11, 2022 date for his signature being scratched out and replaced with the date of January 7, 2023.[4] **See** Appellant's Motion for Post Conviction Collateral Relief, 1/7/23. The PCRA court subsequently appointed counsel.

On April 23, 2023, Appellant filed a counseled PCRA petition seeking the right to file a *nunc pro tunc* direct appeal. **See** Appellant's Motion to File Notice of Direct Appeal to the Pennsylvania Superior Court *Nunc Pro Tunc* Pursuant

_____

[4] This document was entered in the trial court's docket as an amended PCRA petition.

- 5 -

to the Post-Conviction Relief Act, 4/23/23. In this petition, Appellant alleged that his plea counsel "failed to file any post-sentence motions or notice of direct appeal to the Pennsylvania Superior Court, despite petitioner's specific request to make both filings," and thereby denied Appellant "effective assistance of counsel." ***Id.***, 1-2. Appellant requested, among other things, an evidentiary hearing and reinstatement of his right to a direct appeal *nunc pro tunc*. ***Id.***, 2. In the memorandum of law filed in support of the petition, appellant acknowledged the existence of the PCRA time-bar and that the "timeliness requirement applies to all PCRA petitions, regardless of the nature of the claims raised therein." ***See*** Appellant's Memorandum of Law, 4/23/23, 1. However, rather than addressing whether an exception might apply, Appellant argued that he was entitled to reinstatement of his right to file a direct appeal *nunc pro tunc* due to prior counsel's *per se* ineffective assistance. ***See id.***, 1-2.

The Commonwealth filed a motion to dismiss arguing that the *pro se* petition filed on December 12, 2022, was facially untimely and Appellant had not alleged that any exception to the PCRA time-bar was applicable. ***See*** Commonwealth's Motion to Dismiss, 8/23/23, 1-2. After noting that Appellant did not offer to plead and prove an applicable exception, it addressed a hypothetical claim of total abandonment by counsel under ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007), which could serve to satisfy the exception for a newly-discovered fact, but explained that Appellant did not

provide any of the necessary information to develop such a claim. **See** Commonwealth's Motion to Dismiss, 8/23/23, 3-4.

On July 31, 2024, the PCRA court filed notice of its intent to dismiss the petition without a hearing because it was facially untimely and did not offer to plead and prove an exception to the PCRA time-bar. **See** Rule 907 Dismissal Notice, 7/31/24, 1-2; Pa.R.Crim.P. 907. Based on the docket and certified record, Appellant did not file a response. On August 20, 2024, the PCRA court dismissed the PCRA petition. **See** PCRA Court Order, 8/20/24.

Appellant filed a timely notice of appeal. **See** Appellant's Notice of Appeal, 9/15/24. Appellant also filed a statement of matters complained of on appeal, asserting three errors by the PCRA court in either denying substantive relief or a hearing, but did not assert any error with respect to the PCRA court's determination that the petition was untimely and that no exceptions to the PCRA's timeliness requirement had been demonstrated. **See** Appellant's Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 10/10/24, 1-2.

In this appeal, Appellant raises the following three issues for review:

1. Whether the PCRA court erred by dismissing the PCRA petition as untimely despite clear and convincing evidence that appellant was entitled to reinstatement of direct appeal *nunc pro tunc* because counsel was ineffective for failing to file notice of direct appeal as requested by appellant.

2. Whether the PCRA court erred by dismissing the PCRA petition despite clear and convincing evidence that appellant's constitutional right to direct appeal was violated, as well as his right to effective assistance of counsel on appeal.

3. Whether the PCRA court erred by dismissing the petition without an evidentiary hearing.

Appellant's Brief, 8.[5]

When reviewing an order denying a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. ***Commonwealth v. Drummond***, 285 A.3d 625, 633 (Pa. 2022). We "consider the record in the light most favorable to the prevailing party at the PCRA level," and "grant great deference to the PCRA court's findings that are supported in the record." ***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa. Super. 2018) (internal quotation marks and citations omitted). Our standard of review of a PCRA court's legal conclusions, however, is *de novo*. ***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023).

---

[5] We, once again, advise counsel for Appellant that he violates Pennsylvania Rule of Appellate Procedure 124(a)(3) by filing with this Court appellate briefs that are wholly single spaced. We note further that counsel does so on a regular basis, even though at least three judges of this Court have previously reminded him of this particular briefing obligation. ***See Commonwealth v. Dyches,*** 2026 WL 850537, *2 n.4 (Pa. Super., filed Mar. 27, 2026) (unpublished memorandum) (52 EDA 2024); ***Commonwealth v. Cunningham***, 2025 WL 3688166, 5 n.4 (Pa. Super., filed Dec. 19, 2025) (unpublished memorandum) (2425 EDA 2024); ***Commonwealth v. Ferst***, 2023 WL 315620, *3 n.6 (Pa. Super., filed Jan. 19, 2023) (unpublished memorandum) (2391 EDA 2021); ***Commonwealth v. Pagan***, 2022 WL 39547, *3 n.4 (Pa. Super., filed Jan. 5, 2022) (unpublished memorandum) (322 EDA 2021). For the benefit of our Court's ease of review, we remind counsel to adhere to strict compliance with Rule 124(a)(3) in all future briefs filed with this Court. ***See*** Pa.R.A.P. 2101 ("Briefs ... shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed").

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Brown**, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." **Id.** (internal quotation marks and citation omitted); **see also Commonwealth v. Fantauzzi**, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"); **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) ("As a threshold jurisdictional matter, however, the timeliness of the PCRA petition must be addressed") (citation omitted).

A PCRA petition must be filed within one year of the date that judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted).

- 9 -

Appellant was sentenced on October 19, 2017. Neither a post-sentence motion nor a notice of appeal was filed prior to the expiration of the appeal period on Monday, November 20, 2017.[6] Therefore, Appellant's judgment of sentence became final on that date. *See Commonwealth v. Brown*, 943 A.2d 264, 268 (Pa. 2008) (stating "in circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA"). Accordingly, Appellant had until November 20, 2018, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1).

The *pro se* PCRA petition filed on December 13, 2022, was facially untimely. "If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions[.]" *Fantauzzi*, 275 A.3d at 996. These exceptions are colloquially known as exceptions for governmental interference, a newly-discovered fact, or a newly-recognized constitutional right which applies

_____

[6] Because the thirty-day deadline for filing the notice of appeal fell on Saturday, November 18, 2017, Appellant would have had until Monday, November 20, 2017, to file the notice. *See* Pa.R.A.P. 107 incorporating by reference rules of construction in Pennsylvania Rules of Judicial Administration including R.J.A. 107(a)-(b), relating to computation of time to exclude first date and include last date of time period, generally, but to omit the last date if it falls on Saturday, Sunday, or a legal holiday); *see also* Pa.R.A.P. 903(a) (general rule requiring notices of appeal to be filed "within 30 days after entry of the order from which the appeal is taken").

retroactively. *See* 42 Pa.C.S. § 9545(b)(1). Moreover, Appellant had to plead and prove that he filed his petition within one year of the date any claims for application of the statutory time-bar exceptions "could have been presented." 42 Pa.C.S. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008).

Appellant did not set forth any of the statutory exceptions to the PCRA time-bar, much less attempt to prove the applicability of any of them, either in his *pro se* petition, or through counsel in the amended petition. Nor did he file any response to the PCRA court's Rule 907 notice, which had specified that the petition would be dismissed because it was untimely and did not state an exception to the time-bar. *See* Rule 907 Notice, 7/31/24, 1-2.

Appellant presently asserts that he established in his *pro se* petition that it "qualifies for the exception [for a newly-discovered fact, which] allows for the filing of the *pro se* PCRA petition after the one-year time period based on his belief that his direct appeal was pending throughout the statutory period for filing." Appellant's Brief, 13. This claim is incorrect. Appellant did not assert the exception to the time-bar for newly-discovered facts in his *pro se* petition; in fact, it was the one statutory exception to the time-bar he left unchecked on the handwritten form. *See* Appellant's Motion for Post Conviction Collateral Relief, 12/11/22, 2-3. Appellant did not invoke the newly-discovered fact exception in any other manner and did not assert facts sufficient to support a finding that he had satisfied the exception pursuant to *Commonwealth v.*

*Bennett*, 930 A.2d 1264 (Pa. 2007) (total abandonment by PCRA counsel on appeal may serve to be a newly-discovered fact entitling petitioner to file an out-of-time PCRA petition). Although he averred that he learned from an attorney retained by his mother that sentencing counsel was "ineffective, by not appealing or objecting, or even putting in a simple motion to" modify his sentence, he did not state when he learned that an appeal had not been filed. *See* Appellant's Motion for Post Conviction Collateral Relief, 12/11/22, 4; *Commonwealth v. Robinson*, 12 A.3d 477, 482 (Pa. Super. 2011) (stating that *Bennett* is limited to "specific abandonment by counsel on appeal" where that abandonment was unknown to defendant for some time).

However, on January 9, 2018, Appellant filed a *pro se* motion seeking reconsideration of his sentence. *See* Appellant's Motion for Reconsideration of Sentence, 1/6/18, 1. This filing, docketed approximately six weeks after the appeal period had expired and the judgment of sentence had become final, is indicative that Appellant knew by then that sentencing counsel had not filed a direct appeal. Indeed, Appellant asserted in the filing that his public defender did not represent him to "the best of her ability and lied to" him, which amount to a putative assertion of an ineffective assistance claim against counsel. *See* Appellant's Motion for Reconsideration of Sentence, 1/6/18, 1; *see also Commonwealth v. Snook*, 230 A.3d 438, 443-444 (Pa. Super. 2020) (stating that a petition for collateral relief will generally be considered a PCRA petition if it raises issues cognizable under the PCRA; ineffective assistance of counsel claims are generally cognizable under the PCRA pursuant to 42 Pa.C.S.

§ 9543(a)(2)(ii)). By rule, the Defender Association no longer represented him. Pa.R.Crim.P. 122(B)(2). Therefore, the filing was not a legal nullity as a product of hybrid representation. **See Commonwealth v. Williams** 241 A.3d 353, 354 n.1 (Pa. Super. 2020) ("As hybrid representation is not permitted in the Commonwealth, our courts will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities") (internal quotation marks and citations omitted).

The Court of Common Pleas docketed the *pro se* filing but entered no subsequent order ruling on it. Although the filing, by name and by request for relief, was a patently out of time motion for reconsideration of sentence based on discretionary factors, our precedent requires that the court should have treated it as a PCRA petition because the *pro se* filing also alleged facts consistent with an ineffective assistance of counsel claim. **See Commonwealth v. Hagan**, 306 A.3d 414, 421–422 (Pa. Super. 2023) ("Regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA"); **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) ("any petition filed after judgment of sentence becomes final will be treated as a PCRA petition" where it seeks relief available under the PCRA); **see also Commonwealth v. Eller**, 807 A.2d 838, 845 (Pa. 2002) ("given the courts' liberal construction of *pro se* pleadings, including pleadings under the PCRA, **see** Pa.R.Crim.P. 905 (governing amendment of PCRA

petitions), a non-PCRA petition filed within one year of the judgment becoming final could and should be treated as one sounding under the PCRA, and appropriate amendment permitted"); *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) ("any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition;" holding that motion for time credit filed within a year of the completion of a *nunc pro tunc* appeal would be treated as a PCRA petition and considered along with a timely filed PCRA petition).

Rather than ignoring the *pro se* filing, the court should have deemed it a *pro se* PCRA petition. More importantly, the *pro se* pleading was filed inside the one-year window for filing a timely PCRA petition. Therefore, the court should have treated the 2018 pleading as a timely, first PCRA petition and, as such, appointed counsel and permitted amendment of the petition by appointed counsel. *See* Pa.R.Crim.P. 904(C) (assigned judge "shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief" where the defendant demonstrates he cannot afford or procure counsel); *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process"); *Commonwealth v. Powell*, 787 A.2d 1017, 1019 (Pa. Super. 2001) (once counsel is appointed, he or she must take affirmative steps to discharge his or her duties). At the very least, although not technically proper, the court could have summarily dismissed the *pro se*

filing as out of time or denied it as a post-sentence motion untimely filed. ***See*** 42 Pa.C.S. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry … if no appeal from such order has been taken or allowed"); Pa.R.Crim.P. 720(B)(3)(a) (requiring a court to rule on a post-sentence motion within 120 days or the clerk of courts to enter an order denying it by operation of law).[7]

That no order was entered at all with respect to the *pro se* pleading means that Appellant's 2018 filing remained open. In other words, Appellant had before the Court of Common Pleas an open, timely, first PCRA petition when he subsequently filed a competing PCRA petition in December 2022. "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final." ***Commonwealth v. Montgomery***, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*). We find that it was error for the PCRA court to fail to consider the timely petition filed in 2018 when it dismissed the

---

[7] If the court had entered an order denying or dismissing the *pro se* pleading, an appeal therefrom would have permitted this Court to remand for appointment of counsel to proceed with a PCRA petition. ***See*** ***Commonwealth v. Evans***, 866 A.2d 442, 444-447 (Pa. Super. 2005) (motion to correct time credit filed within year of completion of *nunc pro tunc* appeal should have been treated as timely PCRA; remanded for appointment of counsel).

petition filed in 2022.[8] Because the PCRA court should have appointed counsel and ruled upon that filing in due course, and under the unique circumstances of this case – which include both a timely-filed PCRA petition that remained unaddressed for several years along with a plausible allegation of complete abandonment by counsel for a direct appeal – we believe that as a matter of fundamental fairness, Appellant is due relief for the PCRA court's error. **See Fowler**, 930 A.2d at 591 (proper to consider a *pro se* motion filed within one year of the judgment of sentence becoming final along with a subsequently filed PCRA petition); **Commonwealth v. Evans**, 866 A.2d 442, 444 (Pa. Super. 2005) (appellant entitled to remand for appointment of counsel where *pro se* motion filed within year of completion of *nunc pro tunc* appeal was

_____

[8] The Commonwealth argues, contrary to its position before the PCRA court, that the amended petition, as Appellant's first counseled petition, was an extension of the timely *pro se* petition filed in 2018. **See** Appellee's Brief, 9. We disagree. In the opinion relied upon by the Commonwealth, we held that a counseled amendment to a timely petition that raised wholly new claims was not rendered untimely because it was filed more than a year after the judgment of sentence had become final. **See Commonwealth v. Padden**, 783 A.2d 299, 309 (Pa. Super. 2001) ("since the amended petition was filed pursuant to the order of the Trial Court within the time period set by the Trial Court, it was timely filed in accordance with Pa.R.Crim.P. 905(d)"). The key to that decision was that the PCRA court intentionally held the *pro se* petition in abeyance until counsel could amend it pursuant to the court's order, therefore it was properly regarded as "an extension of the litigation process involving [the appellant's] initial *pro se* petition." **Id.** Here, there was no litigation process with respect to the timely *pro se* petition. It was simply ignored. Counsel's 2023 amendment to the untimely 2022 *pro se* petition was not intended to be an amendment to the timely 2018 petition and did not mention the 2018 petition.

dismissed as untimely post sentence motion rather than a timely PCRA petition).

Therefore, we remand for the PCRA court to address the *pro se* PCRA petition filed in 2018. Counsel should be appointed and permitted to amend that petition consistent with the Rules, which amendment may also include any claim raised in the instant amended PCRA petition as that petition was dismissed on timeliness grounds.[9]

_____

[9] We note that the sentencing order states that Appellant's imprisonment sentence for robbery "shall commence on 10/19/2017." **See** Sentencing Order, 10/19/17. Therefore, Appellant concluded his term of imprisonment for that conviction no later than October 19, 2025, when he reached the eight-year maximum of his prison term. To be eligible for PCRA relief, the petitioner must be "currently serving a sentence of imprisonment, probation or parole **for the crime**" at issue "at the time relief is granted." 42 Pa.C.S. § 9543(a)(1)(i) (emphasis added). When supervision ends, the petitioner no longer qualifies for PCRA relief, regardless of when he filed the petition. **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997); **Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa. Super. 2006). In other words, "As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." **Commonwealth v. Williams**, 977 A.2d 1174, 1176 (Pa. Super. 2009). Granting PCRA relief when the petitioner is no longer serving the relevant sentence would ignore the language of the statute. **Ahlborn**, 699 A.2d at 720; **see Commonwealth v. Descardes**, 136 A.3d 493, 503 (Pa. 2016) (holding that petitioner who was no longer serving sentence was thereby ineligible for PCRA relief). Accordingly, upon remand, assuming *arguendo* that Appellant states any grounds for PCRA relief, he would only be eligible for relief only with respect to his PIC conviction for which he received a consecutive term of probation that he is still serving. **See Commonwealth v. Davis**, 326 A.3d 988, 993 (Pa. Super. 2024) ("when a petitioner raises a PCRA claim attacking a specific conviction, he is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed") (internal quotation marks and citation omitted).

Order vacated. We remand for the PCRA court to consider Appellant's timely PCRA petition consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/10/2026